IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY,<br><br>        Plaintiff,<br><br>        vs.<br><br>TRANS PACIFIC OIL CORPORATION; BE USA L.P., 1987-1; VESOCO AND AIR PIPELINE CORPORATION,<br><br>        Defendants and<br>        Third-Party Plaintiffs,<br><br>        vs.<br><br>SONDRA BOYD, DALMER CRICK, GERTRUDE CRICK, KATHY EPPERLY, HERBERT PARK, MARVIN PARK AND CONNIE SUE PARMELY,<br><br>        Third-Party<br>        Defendants. | Case No. 02-1418-JTM |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the defendants and third-party defendants' Motion for Attorney Fees (Dkt. No. 103). The defendants request attorney fees of $630,686.50 and expenses of $168,012.37 for a total of $798,698.87. Defendants assert that they are entitled to a lodestar of 50%

of their fees and their pre-litigation expenses.  Counsel for the third-party defendants assert attorney fees of $152,494.91 and expenses of $2,766.66 for a total of $155,261.57.[1]

Plaintiff Northern objects to both totals.  As to Foulston Siefkin's invoice, Northern does not object to Mr. Jim Goering's hourly rate but does object to the amount of time spent on certain tasks, such as the pretrial order.  Northern also objects to a lodestar calculation and to including pre-litigation fees.  As to Mr. John Black's expenses, Northern objects to paying for these expenses because Northern did not assert a claim against the third-party defendants.  Further, Northern objects to Mr. Black's hourly rate and the inclusion of time spent on exploring a class action, which was ultimately unsuccessful.  The court grants attorney fees as set forth herein.

K.S.A. § 55-1210 provides the standard for awarding attorney fees.  It provides in relevant part:

> The owner of the stratum and the owner of the surface shall be entitled to such compensation, including compensation for use of or damage to the surface or substratum, as is provided by law, and shall be entitled to recovery of all costs and expenses, including reasonable attorney fees, if litigation is necessary to enforce any rights under this subsection (c) and the injector does not prevail.

K.S.A. § 55-1210(c)(3).  To determine reasonable attorney fees, the court may consider a number of factors, including:  1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the

---

[1] Third-party defendants claimed fees and costs of $155,271.57.  However, attorney fees of $152,494.91 and expenses of $2,766.66 actually total to $155,261.57.  Since it is not clear which amount is erroneous, the court adjusted the total rather than the individual figures.

fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent. See Bergeson v. Dilworth, 875 F. Supp. 733, 739 (D. Kan. 1995) citing Model Rules of Prof'l Conduct, R. 1.5.  In requesting fees under K.S.A. § 55-1210, a separate application for costs is not necessary because the statute provides for a specific remedy.  Beck v. Northern Natural Gas Co., No. 96-1150-WEB, 1997 WL 1048337, at *2 (D. Kan. Sep. 23, 1997).  The reasonable value of attorney fees lies within the sound discretion of the trial court.  Hawkins v. Dennis, 258 Kan. 329, 905 P.2d 678, 692 (Kan.1995).

The court finds no merit in Northern's argument that only defendants' counsel, and not third-party defendants, should recover attorney fees.  While Northern's claim was against the defendants, the third-party defendants are the owners of the stratum and surface.  As such, these persons may have been made liable for damages to Northern.  Further, these types of owners may be compensated based on the statutory language.  See K.S.A. § 55-1210(c)(3).  Since Northern did not prevail in its jury trial, defendants and third-party defendants are entitled to recover for all costs and expenses, including reasonable attorney fees.  K.S.A. § 55-1210(c)(3).  The court will separately review each parties' attorney fees.

In reviewing Foulston's invoices, the court agrees that Mr. Goering's hourly rate is reasonable but finds that the hours spent preparing for litigation should be reduced in some measure.  Admittedly, the litigation involved some complex claims and created a substantial risk to defendants, justifying the expenditure of more resources.  Defendants' willingness to pay the firm's fees provides an indicia of

reasonableness. Considering the risk this litigation posed to defendants' business, their willingness to pay fees provides a sense of the value they placed on the legal advice. At the same time, the law firm positioned itself to receive payments on an ongoing basis, reducing the amount of money it stood to lose if the litigation resolved unfavorably. After examining the litigation expenses, the court finds Mr. Goering, a seasoned lawyer, need not have spent disproportionately more time on the pretrial order and preparation for litigation than opposing counsel, who spent little more than $100,000.00. Taking into account the hurdles faced in litigation and the attorney's experience, the court concludes that defense counsel's hours should be reduced. Recognizing that deep preparation is essential to any lawyer given today's climate, the court still must adhere to a standard of reasonableness. Northern suggests that the court reduce attorney fees by 50%, but the court finds a reduction of Mr. Goering's hours by 35% will lead to a more equitable award.[2] All other attorney and legal assistant fees should remain the same.

The court does not find it appropriate to award a lodestar of 50% of fees or to award pre-litigation expenses not already submitted. Since Northern delayed in filing suit, the court finds that the submitted fees and expenses cover the time frame of the litigation. Since the statute clearly premises reimbursement of litigation costs on the fact that litigation became necessary, expanding recoverable expenses beyond the reasonable time frame of litigation goes beyond the scope of the statute. The

---

[2] The court reduced Mr. Goering's reported 2,826.80 hours to 1,838 hours, a 35% reduction. The court then multiplied 1,838 hours by Mr. Goering's hourly rate of $195 (rather than the average rate of $193.78 listed in Dkt. No. 128, Exhibit C, at p. 2). Thus, the billed attorney fees of $547,780 will be reduced to $358,410.00. The reduction addresses the hours billed in preparing the pretrial order, reviewing documents, conducting research and preparing generally for trial.

submitted expenses appear to compensate defense counsel adequately.

As for Mr. Black's fees, the court finds an hourly rate of $250 to be too high.  Although Mr. Black has previous experience in storage gas litigation and has years of experience as an attorney, he has submitted an hourly rate that is not commensurate with other attorneys practicing in this area.  The court finds that an hourly rate of $195 for the relevant time frame is more appropriate.[3]

Awards not specifically adjusted should remain the same.  For the sake of clarity, the award of attorney fees and other expenses are as follows:

**Black's Law Office Invoice**

| **Name** | **Hours** | **Rate** | **Fees** |
| --- | --- | --- | --- |
| John V. Black | 610 | $195.00 (adjusted) | $118,950.00 |
| Office Expenses | | | $2,766.66 |
| **Total Award** | | | **$121,716.66** |

---

[3] Mr. Black provided the court 28 pages of billing records but did not provide his total hours. Handwritten notes totaling hours on each page were not consistently legible.  To arrive at Mr. Black's billed hours, the court divided Mr. Black's total attorney fees of $152,494.91 by the hourly rate of $250.00. Based on this calculation, the court concludes that Mr. Black worked approximately 610 hours.

**Foulston Siefkin Invoice**

| Name | Hours | Rate | Fees |
| --- | --- | --- | --- |
| Charles J. Woodin | 207 | $184.50 | $38,191.00[4] |
| Terry C. Cupps | 0.5 | $208.00 | $104.00 |
| Jim H. Goering | 1,838 (adjusted) | $195.00 | $358,410.00 |
| Timothy B. Mustaine | 146.1 | $163.99 | $23,959.00[5] |
| Margo A. Raulsten | 162.4 | $80.00 | $12,992.00 |
| Joni M. Andrews | 14.5 | $80.00 | $1,160.00 |
| Kathleen R. Leal | 0.2 | $75.00 | $15.00 |
| **Total Fees** | | | **$434,831.00** |
| *Foulston Expenses* | | | *$1,060.77* |
| *Defendants' Expenses* | | | *$169,655.74* |
| **Total Award** | | | **$605,547.51** |

IT IS ACCORDINGLY ORDERED this 14th day of December 2005, that the court grants in part and denies in part defendants and third-party defendants' Motion for Attorney Fees (Dkt. No. 103).

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE

---

[4] Multiplying the hours by the hourly rate actually equals $38,191.50, a fee of $0.50 more than what was billed. The court adjusted the total to reflect the total listed in Dkt. No. 128, Exhibit C, at p. 2.

[5] Multiplying the hours by the hourly rate actually equals $23,958.94, a fee of $0.06 less than what was billed. The court adjusted the total to reflect the total listed in Dkt. No. 128, Exhibit C, at p. 2.