IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

    Plaintiff,

vs.

TRANS PACIFIC OIL CORPORATION; BE USA L.P., 1987-1; VESOCO AND AIR PIPELINE CORPORATION,

    Defendants and
    Third-Party Plaintiffs,

vs.

SONDRA BOYD, DALMER CRICK, GERTRUDE CRICK, KATHY EPPERLY, HERBERT PARK, MARVIN PARK AND CONNIE SUE PARMELY,

    Third-Party
    Defendants.

Case No. 02-1418-JTM

## MEMORANDUM AND ORDER

This matter comes before the court on the plaintiff's Motion for Amendment to the District Court Record (Dkt. No. 148). Plaintiff asks this court to supplement the record with two documents: 1) the court's initial proposed verdict form, which was distributed by email to the parties on May 27, 2005; and 2) defendants' proposed verdict form, which was discussed at the instructions conference on May 31, 2005. Defendants do not object to the inclusion of the proposed verdict form but do object

to the inclusion of defendants' proposed verdict form.

Generally, the appellate court should have before it the record and facts considered by the district court. Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003); United States v. Barrow, 118 F.3d 482, 487 (10th Cir. 1997). Rule 10(e)(1) of the Federal Rules of Appellate Procedure provides that: "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." The purpose of the rule is to permit the court "to correct omissions from or misstatements in the record for appeal." United States v. Murdock, 398 F.3d 491, 500 (6th Cir. 2005). The rule does not permit parties to add new evidence that substantially alters the record after notice of appeal has been filed. Barrow, 118 F.3d at 488. However, the rule permits enough modification to ensure the accuracy of the record. Id. See United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987) citing Borden Inc. v. Federal Trade Commission, 495 F.2d 785, 788 (7th Cir. 1974) ("Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court.").

It is counsel's responsibility to ensure that the record on appeal is sufficient for consideration and determination of the issues on appeal. United States v. Bornfield, 184 F.3d 1144, 1146 (10th Cir. 1999) (citing 10th Cir. R. 10.3; Fed.R.App. P. 10). Counsel must ensure that objections were properly preserved in the record, even if initial objection conferences were not on the record. Id. (citing Fed. R. App. Proc 10(c)).

It is the general practice of this court to hold an off-the-record conference on jury instructions

prior to the on-the-record conference. During the off-the-record conference, the court reviews the instructions and verdict form with the parties, permitting each side to address its concerns regarding instruction language. The court makes changes in accordance with the parties' wishes and the court's determination as to what is the appropriate course. If the parties do not agree to the changes made, they are required to make their objections on the record. After the off-the-record conference, the court holds an on-the-record conference where each party has an opportunity to object to the changes to the instructions and verdict form. If the parties do not object, their objections are waived. Here, the parties consented to this approach.

In reviewing the question of the court's verdict form, the court finds that the record may be supplemented with this document. The court distributed this document to the parties for consideration prior to the instruction conference. For completeness, this record addition should include the court's proposed instructions, the court's proposed verdict form, and the clerk's email.

In reviewing the question of defendants' verdict form, the court also finds it appropriate to supplement the record with this document. Although the exact sequence of events during the off-the-record conference may be disputed, it is clear that the court incorporated parts of defendants' document into the final verdict form. Plaintiff did not object to these changes beyond what it stated on the record. In general, because the parties are required to make on-the-record objections, the court discourages parties from bringing material from an off-the-record conference into the record. However, since the court considered defendants' verdict form in finalizing the instructions, the court will permit it to be incorporated into the record. The additional document may be of assistance to the appellate court.

IT IS ACCORDINGLY ORDERED this 15th day of June 2006, that the court grants plaintiff's Motion for Amendment to the District Court Record (Dkt. No. 148).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
