IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS PACIFIC OIL CORPORATION; BE USA, L.P., 1987-1; VESOCO LLC; and AIR PIPELINE CORPORATION,<br><br>Defendants and Third-Party Plaintiffs,<br><br>vs.<br><br>SONDRA BOYD, DALMER CRICK, GERTRUDE CRICK, KATHY EPPERLY, HERBERT PARK, MARVIN PARK, and CONNIE SUE PARMELY.<br><br>Third-Party Defendants. | Case No. 02-1418-JTM |

ORDER

The parties appeared before this court on April 9, 2007 in order to determine whether defendants' motion for a preliminary injunction (Dkt. No. 167), which requested that plaintiff withdraw its application before the Federal Energy Regulatory Commission ("FERC"), should be granted. After a hearing, this court determined that plaintiff stay its application before FERC pending a determination by this court of defendants' motion for a permanent injunction against

re-litigation.

IT IS ORDERED that plaintiff stay its application before FERC until this court's determination of defendants' motion for a permanent injunction.

IT IS FURTHER ORDERED that the parties are directed to file briefs with respect to the following question within thirty (30) calendar days from the date of this order:

(1) Whether FERC is bound by the jury verdict on May 31, 2005 in *Northern Natural Gas Co. v. Trans Pacific Oil Corp. et. al.*, Case No. 02-1418-JTM?

(2) If so, on what basis? If not, why not?

(3) If the boundary of the storage area is expanded as plaintiff requests, what impact will that have on production wells within the new boundaries? Within one mile outside of the new boundaries?

(4) To what extent is plaintiff foreclosed from using new information regarding migration of the gas following the 2005 jury trial and findings? What basis does plaintiff have for presenting the new information to the court? What basis do defendants have for preventing plaintiff from presenting new information to the court.

The court would appreciate pertinent citations and brief discussion on each of these points.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2007.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE