IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

    Plaintiff,

vs.

TRANS PACIFIC OIL CORPORATION; BE USA, L.P., 1987-1; VESOCO LLC; and AIR PIPELINE CORPORATION,

    Defendants and Third-Party Plaintiffs,

vs.

SONDRA BOYD, DALMER CRICK, GERTRUDE CRICK, KATHY EPPERLY, HERBERT PARK, MARVIN PARK, and CONNIE SUE PARMELY.

    Third-Party Defendants.

Case No. 02-1418-JTM

MEMORANDUM AND ORDER

    The present motion arises on defendant, Trans Pacific Oil Corp., (hereinafter "Trans Pacific") and third-party defendants' motion to preliminarily enjoin plaintiff, Northern Natural Gas Co. (hereinafter "Northern"), by requiring plaintiff to withdraw its motion before the Federal Energy

Regulatory Commission (hereinafter "FERC") (Dkt. No. 167). For the following reasons, the court denies defendants' motion for a preliminary injunction.

*I.  Factual Background:*

Following the jury verdict in this case, plaintiff sought alternative relief from the KCC in which it alleged new evidence and attacked the judgment and verdict as erroneous. The KCC stayed its proceeding pending this court's resolution of defendant's motion for a permanent injunction to protect this court's judgment (Dkt. No. 157).

Defendant filed the present motion on March 30, 2007, which requests the court to enter an order requiring Northern to immediately withdraw its FERC filing until this court resolves defendant's motion for a permanent injunction.

Plaintiff's main argument in opposing defendant's motion is premised on the fact that it sought a certificate from FERC to install two withdrawal wells in order to control and capture storage gas moving from the field prior to the jury verdict in this case. FERC granted Northern's certificate to add the withdrawal wells in September 2005, following the date of the jury verdict. Plaintiff notes that FERC specifically found that the storage gas was migrating to the north of the field.

Following the approval to add the withdrawal wells, Northern installed the two withdrawal wells and related compression equipment and has operated the new wells since May 2006. Northern believed, however, that the wells could not further prevent the storage gas migration to the north of the field as originally intended. Therefore, due to the 2005 application to prevent the migration and in order to protect its field, plaintiff now seeks a certificate to extend the original 1978 boundaries of its field. Plaintiffs argue that the present motion attempts to intervene in an administrative action required by

federal law, noting that it is required under 15 U.S.C. § 717f(c)(1)(A) to obtain a certificate of "public convenience and necessity" before constructing new transportation or storage facilities or to expand existing ones.

Following a hearing on the present matter held on April 9, 2007, this court ordered the plaintiff to stay its application before FERC pending a determination by this court of defendants' motion for a preliminary injunction and its motion for a permanent injunction against re-litigation.  Furthermore, the court requested the parties to file briefs with respect to the following questions within thirty (30) calendar days from the date of the order: (1) Whether FERC is bound by the jury verdict on May 31, 2005 in *Northern Natural Gas Co. v. Trans Pacific Oil Corp. et. al.*, Case No. 02-1418-JTM?; (2) If so, on what basis?  If not, why not?; (3) If the boundary of the storage area is expanded as plaintiff requests, what impact will that have on production wells within the new boundaries?  Within one mile outside of the new boundaries?; and (4) To what extent is plaintiff foreclosed from using new information regarding migration of the gas following the 2005 jury trial and findings?  What basis does plaintiff have for presenting the new information to the court?  What basis do defendants have for preventing plaintiff from presenting new information to the court?

Following the hearing, on April 10, 2007, Northern sent FERC a letter which advised FERC that this court ordered Northern to request a stay.

## II.  Standard of Review and Conclusions of Law:

Due to the lack of subject matter jurisdiction, the court denies defendants' motion for a preliminary injunction.  Congress has exclusively charged FERC with the duty of serving as guardian of the greater public interest in determining whether a certificate of public convenience and necessity

3

should be granted, which plaintiff currently seeks. *See Williams v. City of Oklahoma City*, 890 F.2d 255 (10th Cir. 1989); *see also City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320 (1958); *Dominion Transmission Inc.*, 97 F.E.R.C. P 63,344 (2001); *ANR Pipeline Co.*, 76 F.E.R.C. P 61,263 (1996); *Commonwealth of Virginia v. Tennaco, Inc.*, 538 F.2d 1026 (4th Cir. 1976).

Furthermore as plaintiff notes: "Courts are not authorized to interfere by injunction or declaratory judgment with the conduct of pending administrative proceedings." *Riss & Co. v. I.C.C.*, 179 F.2d 810, 811 (D.C. Cir. 1950) (citing *Macauley v. Waterman Steamship Corp.*, 327 U.S. 540, 545 (1946); *Federal Power Commission v. Arkansas Power & Light Co.*, 330 U.S. 802 (1947); *Securities & Exchange Commission v. Otis & Co.*, 338 U.S. 843 (1949)).

Although, as defendant cites, the rules of claim preclusion (res judicata) and issue preclusion (collateral estoppel) apply to FERC proceedings, FERC must determine when preclusion is appropriate in its own proceedings. Defendant cites numerous cases in which FERC has applied preclusion principles. However, defendant primarily relies on *Williams Natural Gas Co.*, 83 F.E.R.C. P 63,015, at p. 65,115 (1998), which recognized: "Res judicata and collateral estoppel are applicable to administrative proceedings, *United States v. Utah Construction and Mining*, 384 U.S. 394, 421 (1966), and to FERC proceedings in particular, *see Algonquin Gas Transmission Co.*, 64 FERC P 63, 014, at p. 65,052 (1993), citing *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1 (1984)." *Id*. The holding in *Williams Natural Gas Co.*, as defendants note, suggests that when there is a claim of new evidence, FERC may analyze whether claimant could and should have gathered and presented the evidence in previous proceedings. Because this court lacks jurisdiction to

4

intervene in the ongoing FERC proceedings, the court denies defendants' motion for a preliminary injunction.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007, that defendants' motion for a preliminary injunction (Dkt. No. 167) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE