IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS CO.,

*Plaintiff*,

vs().

TRANS PACIFIC OIL CORP., et al.,

*Defendants and
Third-Party Plaintiffs,*

vs.

SONDRA BOYD et al.,

*Third-Party Defendants*.

Case No. 02-1418-JTM

**MEMORANDUM AND ORDER**

Presently before the court is defendants' and third-party defendants' request for attorneys fees and expenses (Dkt. No. 235). For the following reasons, the court grants the motion as detailed below.

**I. Background**

This case has a long and complicated history. Plaintiff Northern is a natural gas company engaged in the interstate transportation of natural gas, which claimed that gas from its Cunningham Storage Field escaped to the nearby Park Leases and was wrongfully taken by the defendant Trans Pacific, owner of the Park Leases. The third-party defendants are individuals who have royalty or overriding royalty interests in the Park Leases. Northern sought millions of

dollars in money damages, as well as a permanent injunction barring further production from the Park Leases.  After a jury trial in May 2005, the jury rejected Northern's claims and awarded defendants and third-party defendants $4.56 million in damages incurred due to the closing of its wells during the litigation. This court then vacated the temporary injunction Northern had secured against production from the Park Leases, and ruled that defendants were entitled to resume production on those leases (Dkt. No. 121).

After trial, defendants and third-party defendants moved to recover their attorneys fees and expenses under K.S.A. 55-1210(c)(3).  This court awarded defendants and third-party defendants a reduced amount of its fees and expenses while the case was pending on appeal (Dkt. No. 139).

In September 2007, the Tenth Circuit affirmed this court's final judgment (Dkt. No. 226) and ruled that defendants' and third-party defendants' are entitled to their costs and attorney's fees on appeal (Dkt. No. 227).  In its mandate, the Tenth Circuit directed this court to determine the appropriate amount of costs and fees to award.  The third-party defendants then filed a statement of consultation (Dkt. No. 232), and plaintiffs objected (Dkt. No. 233).  Defendants and third-party defendants then filed the motion presently before the court (Dkt. No. 235), and plaintiffs responded.

## II. Arguments

The defendants and third-party defendants seek to recover: (1) the post-trial fees and expenses; (2) fees and expenses connected with the Tenth Circuit merits appeal; and (3) fees and expenses incurred in seeking fees and expenses.  The defendants and third-party defendants do not seek, however, their fees and expenses incurred in resisting Northern's relitigation efforts in

the KCC and FERC, or in seeking injunction against Northern's relitigation. The defendants request attorneys fees of $268,573.15 and expenses of $11,490.95, totaling $280,064.10. Third-party defendants request attorneys fees of $95,550 and expenses of $2,406.43, totaling $97,956.43 (before risk multiplier) or $146,934.65 (after risk multiplier). Third-party defendants seek a risk multiplier of 1.5 to compensate John V. Black, counsel for third-party defendants, for his risk of never being paid for his work.

Plaintiff Northern objects to both totals, and objects to both the total number of hours and the hourly rates. Specifically, Northern argues that defendants' hours are unsupported, excessive, duplicative, and unreasonable, and should thus be substantially reduced. Additionally, Northern claims that the hourly rates are unreasonable, that the fees should not be enhanced, and that the defendants improperly seek recovery of non-appeal related fees. Finally, Northern argues that Mr. Black is not entitled to a contingency multiplier

### III.  Analysis

K.S.A. § 55-1210(c)(3) provides the standard for awarding attorney fees, and provides, in part:

> The owner of the stratum and the owner of the surface shall be entitled to such compensation, including compensation for use of or damage to the surface or substratum, as is provided by law, and shall be entitled to recovery of all costs and expenses, including reasonable attorney fees, if litigation is necessary to enforce any rights under this subsection (c) and the injector does not prevail.

To determine reasonable attorney fees, the court may consider a number of factors, including: 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the

lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent. *See Bergeson v. Dilworth*, 875 F. Supp. 733, 739 (D. Kan. 1995) citing Model Rules of Prof'l Conduct, R. 1.5. In requesting fees under K.S.A. § 55-1210, a separate application for costs is not necessary because the statute provides for a specific remedy. *Beck v. Northern Natural Gas Co.*, No. 96-1150-WEB, 1997 WL 1048337, at *2 (D. Kan. Sep. 23, 1997). The reasonable value of attorney fees lies within the sound discretion of the trial court. *Hawkins v. Dennis*, 258 Kan. 329, 905 P.2d 678, 692 (Kan.1995).

After a careful review of the record, this court overrules the plaintiffs' objections to the attorneys fees. Defendants are entitled to fees for their work in this Court's post-trial 2005 proceedings. Further, defendants' fee requests are based on reasonable numbers of hours worked and reasonably hourly rates. Although the award of attorneys fees by this court a few years ago included a lower hourly fee, that ruling did not set those rates in stone; rather, the services performed after that award are also subject to adjustment. The rate increase for the lawyers in question is reasonable. Additionally, attorney John Black should receive a modest risk multiplier of 1.5. Under the agreement he made with his clients, Mr. Black could expect to be paid only if successful. He invested hundreds of hours in that task and each stage of the litigation was hard fought. A cursory review of the lengthy record reveals there were few legal issues not open to question, and numerous factual disputes which could have been resolved in either party's favor.

Finally, pursuant to K.S.A. 55-1210(c)(3), defendants are entitled to reimbursement for their actual litigation expenses, including expenses associated with securing expert opinion on fees. Defendants are awarded $279,814.10[1] and third party defendants are awarded $146,934.65 in total fees and expenses.

The court thus grants defendants' and third-party defendants' request for attorneys fees and expenses (Dkt. No. 235) as detailed above.

IT IS SO OREDERED this 29th day of September, 2008.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE

---

[1] This amount represents the requested amount of $280,064.10 minus $250.00 of uncompensable time that was mistakenly included in defendants' fee request (Dkt. No. 237 FN. 2)